**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

VICKY HUTTO,

    Plaintiff,

v.   Case No. 5:23-cv-669-MMH-PRL

SANOFI-AVENTIS U.S. LLC and
SANOFI U.S. SERVICES, INC.,
f/k/a Sanofi-Aventis U.S. Inc.,

    Defendants.

_____

**O R D E R**

**THIS CAUSE** is before the Court sua sponte. For this Court to have subject-matter jurisdiction under 28 U.S.C. § 1332, the amount in controversy must exceed $75,000. See 28 U.S.C. § 1332(a). Where the complaint does not allege a specific amount of damages, "the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence" that the $75,000 threshold is surpassed. Federated Mut. Ins. Co. v. McKinnon Motors, LLC, 329 F.3d 805, 807 (11th Cir. 2003). Here, the Short Form Complaint (Doc. 1) does not allege a specific amount of damages. In addition, the Short Form Complaint does not provide information to allow the Court to determine whether the Ocala Division of the United States District Court,

Middle District of Florida, as opposed to the Tampa Division, is the proper divisional venue.[1]  Accordingly, it is

**ORDERED:**

1. Plaintiff shall show cause in a written response filed no later than **February 27, 2024**, why this Court has subject-matter jurisdiction under 28 U.S.C. § 1332.  Defendant may respond no later than **March 12, 2024**.

2. By this same date, Plaintiff must provide the Court with sufficient information to determine the proper divisional venue for this action.  If Defendants disagree, Defendants must respond no later than **March 12, 2024**.

**DONE AND ORDERED** in Chambers this 13th day of February, 2024.

*/s/ Marcia Morales Howard*
**MARCIA MORALES HOWARD**
United States District Judge

ja

Copies to:

Counsel of Record

---

[1] See Plaintiff's Disclosure Statement Pursuant to Federal Rule of Civil Procedure 7.1 and Local Rule 3.03 (Doc. 15) ("Vicky Hutto Tampa, Florida").