# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

Vicky Hutto,

    Plaintiffs,

v.                                      Case No. 5:23-cv-00669-MMH-PRL

Sanofi US Services Inc. et al.,

    Defendants.

_____

## PLAINTIFF'S RESPONSE TO ORDERS TO SHOW CAUSE

Ms. Hutto, by and through her undersigned counsel, responds to the Court's February 12 Order to Show Cause[1] and February 13 Order to Show Cause[2] as follows:

## BACKGROUND

1. Until recently, this product liability case was part of *In re: Taxotere (Docetaxel) Products Liability Litigation*. MDL No. 2740.

2. On November 8, 2023, the MDL court, sitting in the United States District Court for the Eastern District of Louisiana, transferred Ms. Hutto's case to her home district, the Middle District of Florida.[3]

3. During the MDL proceedings, the MDL Court ("MDL court") required that the Plaintiff Steering Committee ("PSC") file a Master Complaint to

---

[1] Order to Show Cause, ECF Doc. 14.
[2] Order to Show Cause & Provide Venue Information, ECF Doc. 16.
[3] Am. Transfer Order re: Doc. 16347, ECF Doc. 6.

contain the allegations that were common to all plaintiffs, as well as individual Short Form Complaints ("SFCs"), which supplemented the Master Complaint with plaintiffs' individualized allegations.[4]

4. In a subsequent order, the MDL court required, *inter alia*, that individual plaintiffs' Short Form Complaints incorporate the Master Complaint's allegations by reference.[5] The operative Master Complaint in this matter is the Second Amended Master Complaint.[6]

5. Ms. Hutto filed her SFC directly in the MDL court on March 19, 2019.[7] In accordance with the MDL court's local rules and the FRCP, her SFC included a civil cover sheet[8] and respective summons for Defendants.

6. Pursuant to the MDL court's orders, Ms. Hutto's SFC adopted the entirety of the Second Amended Mater Complaint's pleadings—including its jurisdiction and venue statements.[9]

7. Ms. Hutto's civil cover sheet notes that her county of residence at the time she filed suit was Marion County, Florida[10]—one of the counties listed under the Ocala Division's jurisdiction. Local Rule 1.04(a).

---

[4] Pretrial Order No. 15, MDL R. Doc. 230.
[5] Pretrial Order No. 37, MDL R. Doc. 318.
[6] Second Am. Master Long Form Compl. & Demand for Jury Trial, MDL R. Doc. 4407.
[7] Short Form Compl., ECF Doc. 1.
[8] Civil Cover Sheet, ECF Doc. 1-1.
[9] Short Form Compl., ECF Doc. 1.
[10] Civil Cover Sheet, ECF Doc. 1-1.

8.  After transfer, Parties filed a Joint Uniform Case Management Report where it was noted in section 4, "The Parties have filed their disclosure statement as required by Federal Rule of Civil Procedure 7.1 and Local Rule 3.03.[11]

9.  As a result, Plaintiff believed Federal Rule of Civil Procedure 7.1 and Local Rule 3.03 satisfied via Defendants Disclosure Statement[12] that addressed diversity of parties. As such, Ms. Hutto inadvertently failed to file a disclosure statement.

10. The Court then ordered her to show cause why her case should not be dismissed for lack of prosecution or sanctions imposed.[13]

11. Ms. Hutto promptly filed her disclosure statement on the same day.[14]

12. The following day, the Court entered another Order to Show Cause, this time ordering Ms. Hutto to explain why this Court has subject-matter jurisdiction under 28 U.S.C. § 1332 and to provide sufficient information to determine the proper divisional venue for this action.[15]

## SUMMARY OF RESPONSE

Plaintiff respectfully and humbly submits, for the reasons set forth in detail below, that this matter should not be dismissed for lack of prosecution

---

[11] Case Management Report, ECF Doc. 11.
[12] Corporate Disclosure Statement, ECF Doc. 10.
[13] Order to Show Cause, ECF Doc. 14.
[14] Pl.'s Discl. Statement Pursuant to Fed. R. Civ. P. 7.1 & Local Rule 3.03, ECF Doc. 15.
[15] Order to Show Cause & Provide Venue Information, ECF Doc. 16.

3

or sanctions imposed for failure to timely file a disclosure statement as required by Federal Rule of Civil Procedure 7.1 and Local Rule 3.03. Further, as demonstrated below, this Court has subject-matter jurisdiction under 28 U.S.C. § 1332 and the Ocala Division of this District Court is the proper divisional venue for this action.

## ARGUMENT

### A. Dismissing Ms. Hutto's case is improper because she has acted neither with undue delay nor with willful contempt.

Ms. Hutto's mistakes do not evince a pattern of delay or willful contempt, nor do they warrant the extreme sanction of dismissal for want of prosecution.

There are two ways that an action may be dismissed for want of prosecution: By motion of a defendant or by the court *sua sponte*. Only the second is relevant here because Defendants have not moved for such relief. Rule 41(b) implicitly empowers the courts to dismiss for want of prosecution, Fed. R. Civ. P. 41(b); *See also Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005), but the same ability also exists within the courts' inherent power to manage their own affairs. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962). However, dismissal with prejudice is an "extreme sanction" and is proper only when (1) there is a clear pattern of delay or willful contempt and (2) the court has made a finding that lesser sanctions would not suffice. *Betty K Agencies*, 432 F.3d 1333, 1337 (11th Cir. 2005). Though a less

4

stringent standard generally applies to dismissal *without* prejudice, where the statute of limitations may prevent a party from refiling her case after it has been dismissed, the standard of review is the same as a dismissal with prejudice. *Boazman v. Economics Laboratory, Inc.*, 537 F.2d 210, 212-13 (5th Cir. 1976).[16]

Untimely filing of a disclosure statement falls well short of the high bar required for dismissal for want of prosecution. *Betty K Agencies* provides an instructive example. There, the trial court dismissed the plaintiff's case for want of prosecution after they failed to respond to the defendants' counterclaims as required by both the Federal Rules of Civil Procedure and the court's local rules. 432 F.3d 1333, 1336 (11th Cir. 2005). The Eleventh Circuit vacated the lower court's dismissal, finding that not only did the lower court "ignore[] the unambiguous standard that has governed dismissals with prejudice," the record was "devoid of any evidence even remotely suggesting that Betty K acted willfully or contumaciously." *Id.* at 1340-41. After all, it was the plaintiff's first and only violation of a court rule. *Id.* at 1341. Like Betty K, Ms. Hutto has thus far had a single misstep by untimely filing her Rule 7.1 disclosure statement and immediately corrected the deficiency once alerted. Though Ms. Hutto acknowledges her mistake, this situation is a far cry from

---

[16] Fifth Circuit decisions rendered prior to October 1, 1981, are binding precedent within the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

being a "clear pattern of delay or willful contempt." As such, the Court should not impose the extreme sanction of dismissal for want of prosecution.

**B.    Untimely filing of a Rule 7.1 disclosure does not evince bad faith, so it does unlock the imposition of sanctions.**

The same inherent power that grants courts the ability to dismiss for want of prosecution also allows courts to impose sanctions on those appearing before them. *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1223 (11th Cir. 2017) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)). However, courts must exercise restraint and discretion with this ability, and any imposition of sanctions under this authority must be tailored to fit the abusive conduct. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991). When appropriate, a court may use this power to sanction willful disobedience of a court order or a party who has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 382 (2013). But ultimately, "[t]he key to unlocking that inherent power is a finding of bad faith." *Sciarretta v. Lincoln Nat'l Life Ins. Co.*, 778 F.3d 1205, 1212 (11th Cir. 2015).

None of Ms. Hutto's actions evince bad faith, so the door remains shut regarding sanctions. Though Ms. Hutto now recognizes the deficiency regarding her Disclosure Form, it is worth noting that she promptly cured the

6

deficiency by filing her Disclosure Form on the same day that the Court brought the deficiency to her attention.[17]

Additionally, Ms. Hutto notes that any harm stemming from her untimely Rule 7.1 disclosures was nominal if not harmless. Considering the purpose behind Rule 7.1 shows as much. With their 2022 amendments requiring more than just corporate-ownership disclosures, the Advisory Committee articulated that such disclosures are "designed to facilitate an early and accurate determination of jurisdiction," particularly with regard to citizenship. *See* Fed. R. Civ. P. 7.1 advisory committee's note (2022). In other words, the amended rule is primarily concerned with a ready determination of the parties' citizenship in diversity cases. Here, determining Ms. Hutto's citizenship for jurisdictional purposes is plain on its' face. At the time Plaintiff filed her complaint she was a longtime resident of Marion County, Florida. As such, for the purposes of diversity jurisdiction, Plaintiff was a citizen of Marion County, Florida, which is diverse from Defendants domicile and place of incorporation.

### C. The operative complaint properly alleges an adequate amount in controversy, and the Ocala Division is the proper venue.

Plaintiff's Short Form Complaint adopts the allegations made in the Master Complaint which properly pleads the required jurisdictional amount in

---

[17] Pl.'s Discl. Statement Pursuant to Fed. R. Civ. P. 7.1 & Local Rule 3.03, Feb. 12, 2024, ECF Doc. 15.

controversy. Additionally, Plaintiff resided in Marion County at the time her complaint was filed, so the Ocala division for the Middle District of Florida is the correct venue.

### a. Plaintiff's Civil Cover Sheet, Filed With Her Complaint, Indicates That Ocala Is The Correct Division.

As applicable here, 28 U.S.C. § 1391 allows a case to be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b)(2). At the time Plaintiff filed her Complaint she was a citizen of Florida and resided in Maron County[18]. Additionally, a substantial part of the events giving rise to Ms. Hutto's claims occurred in Marion County, Florida, or otherwise within the counties constituent to the Ocala Division in the course of Plaintiff's chemotherapy treatment with Taxotere manufactured by Defendants. As such, the Ocala Division for the Middle District of Florida is the proper venue for Plaintiff's alleged causes.

### b. Plaintiff has properly plead the required amount in controversy under 28 U.S.C. § 1332(a) and F.R.C.P § 8(a)(1)

Plaintiff's Short Form Complaint adopts the pleadings found in the Master Complaint, which properly pleads an amount in controversy that exceeds $75,000 under 28 U.S.C. § 1332(a).

---

[18] See Civil Cover Sheet, ECF Doc. 1-1, § I(b) & III.

As has long been known, Federal Courts are courts of limited jurisdiction. *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003). A Plaintiff need not only indicate diversity of citizenship or a federal question, but must also note that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Generally, the Court accepts that the amount in controversy has been satisfied when the plaintiff claims a sufficient sum in good faith, absent facts demonstrating to a legal certainty that the claim is really for less than the jurisdictional amount. *Federated Mut. Ins. Co.*, 329 F.3d 805, 807 (11th Cir. 2003). Furthermore, when stating grounds for jurisdiction, the statement need only be a "short and plaint statement on the grounds for the court's jurisdiction…" Fed. R. Civ. P. § 8(a)(a)(1).

Here, Plaintiff's Short Form Complaint adopts the operative pleadings found within the Master Complaint.[19] Specifically, the Second Amended Master Complaint[20], which notes in pertinent part:

> "Federal subject-matter jurisdiction in the constituent actions is based upon 28 U.S.C. § 1332(a). Plaintiffs allege the existence of subject-matter jurisdiction, and absent objection, there is complete diversity among Plaintiffs and Defendants and the amount in controversy exceeds $75,000."[21]

---

[19] Shorm Form Complaint, ECF Doc. 1, P. 1.
[20] MDL R. Doc. 4407.
[21] *Id.* at ¶ 109.

Defendants here, noted previously in their answer to the First Amended Master Long Form Complaint[22] filed in the MDL on October 16, 2017 that, "…Sanofi Defendants admit that federal subject matter jurisdiction is proper as to certain Plaintiffs and that Plaintiffs seek damages in excess of $75,000, but deny that Plaintiffs are entitled to any relief whatsoever." MDL R. Doc. 961 at ¶ 108.

The pleadings found within the Second Amended Master Complaint are a short and plain statement regarding the jurisdictional amount, where to date no objection has been raised as to Plaintiff seeking damages in excess of $75,000. Nor are there any facts before the Court where it can be said to a legal certainty that Plaintiff's claims do not exceed $75,000. As such, Plaintiff has properly plead the jurisdictional amount in controversy to satisfy 28 U.S.C. § 1332(a) and provide this Court with jurisdiction.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully submits that her claims should not be dismissed for want or prosecution and that sanctions are not warranted. Furthermore, this Court has jurisdiction based on the operative

---

[22] The pleadings found in the First Amended and Second Amended Complaint did not change as to the Sanofi Defendants, so a second answer was not subsequently filed as to the Second amended Master Complaint.

pleadings before the court, accompanied by the relevant documents filed hereto.

Dated: February 26, 2024

                                                              Respectfully submitted,

                                                              JOHNSON LAW GROUP

                                                               /s/ Russell W. Lewis
                                            Russell W. Lewis, IV
                                            Pierce Jones (pro hac vice)
                                            2925 Richmond Ave. #1700
                                            Houston, TX 77098
                                            Telephone: (713) 626-9336
                                            Facsimile: (800) 731-6018
                                            Email: rlewis@johnsonlawgroup.com

                                            *Counsel for Vicky Hutto*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the date below I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

Dated:    2/26/2024

*/s/ Russell W. Lewis IV*
Russell W. Lewis IV
