**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

VICKY HUTTO,

    Plaintiff,

v.   Case No. 5:23-cv-669-MMH-PRL

SANOFI-AVENTIS U.S. LLC and
SANOFI U.S. SERVICES, INC.,
f/k/a Sanofi-Aventis U.S. Inc.,

    Defendants.

**O R D E R**

**THIS CAUSE** is before the Court sua sponte. On February 13, 2024, the Court directed Plaintiff to provide sufficient information for the Court to determine whether the amount in controversy in this case exceeds the $75,000 jurisdictional threshold for subject matter jurisdiction on the basis of diversity of citizenship. See Order (Dkt. No. 16). In her response, Plaintiff advises

> Plaintiff's Short Form Complaint adopts the pleadings found in the Master Complaint, which properly pleads an amount in controversy that exceeds $75,000 under 28 U.S.C. § 1332(a).
>
> . . .
>
> Specifically, the Second Amended Master Complaint, which notes in pertinent part:

> "Federal subject-matter jurisdiction in the constituent actions is based upon 28 U.S.C. § 1332(a). Plaintiffs allege the existence of subject-matter jurisdiction, and absent objection, there is complete diversity among Plaintiffs and Defendants and the amount in controversy exceeds $75,000."

Plaintiff's Response to Orders to Show Cause (Dkt. No. 17; Response). This response is plainly insufficient.

"In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading, Corp., 128 F.3d 1466, 1469 (11th Cir. 1997). In cases where, as here, the Court's diversity jurisdiction is invoked, a plaintiff must claim, among other things, that the amount in controversy exceeds $75,000. See Federated Mut. Ins. Co. v. McKinnon Motors, LLC, 329 F.3d 805, 807 (11th Cir. 2003). A plaintiff satisfies this requirement if he claims a "a sufficient sum in good faith." Id. at 807 (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288 (1938)). And generally, a court can dismiss for failure to satisfy the amount in controversy requirement "only if it is convinced 'to a legal certainty' that the claims of the plaintiff in question will not exceed $75,000 (the current jurisdictional threshold)." See McIntosh v. Royal Caribbean Cruises, Ltd., 5 F.4th 1309, 1312 (11th Cir. 2021).

As significant to this case, however, "the Red Cab Co. 'legal certainty' test gives way" where a plaintiff invokes diversity jurisdiction based on a claim for indeterminate, unspecified damages. See McKinnon Motors, 329 F.3d at 807; see also McIntosh, 5 F.4th at 1312; Fastcase, Inc. v. Lawriter, LLC, 907 F.3d 1335, 1342 (11th Cir. 2018); Doane v. Tele Circuit Network Corp., 852 F. App'x 404, 406 (11th Cir. 2021); Bradley v. Kelly Servs., Inc., 224 F. App'x 893, 895 (11th Cir. 2007).[1]  Damages are indeterminate where a plaintiff makes "no effort to quantify" the damages he seeks. See Doane, 852 F. App'x 407; see also McKinnon Motors, 329 F.3d at 808 (explaining that the damages sought were indeterminate because plaintiff "did not and has not placed any dollar amount on the various damages it is seeking under its bad faith claim").  This requires more than a general allegation that damages exceed $75,000. See Fastcase, 907 F.3d at 1339, 1343; Doane, 852 F. App'x at 407; Bradley, 224 F. App'x at 895. Notably, where damages are indeterminate, "the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum." See McKinnon Motors, 329 F.3d at 807.  "The additional requirement is 'warranted because there is simply no estimate of damages to which a court

---

[1] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. Gov't Emps. Ins. Co., 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

may defer.'" See Fastcase, 907 F.3d at 1342 (citation omitted).

Of course, in some cases, "it may be 'facially apparent' from the pleading itself that the amount in controversy exceeds the jurisdictional minimum, even when 'the complaint does not claim a specific amount of damages.'" See Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1061-62 (11th Cir. 2010) (quoting Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 754 (11th Cir. 2010)); see also McIntosh, 5 F.4th at 1312-1313 (finding that although damages were unspecified, plaintiffs had sufficiently alleged injuries and expenses which, accepted as true, were "sufficient to plead damages that exceed the $75,000 amount-in-controversy requirement"). District courts are permitted "to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether" the amount in controversy is satisfied on the face of the complaint. Roe, 613 F.3d at 1061-62. Indeed, a court "need not 'suspend reality or shelve common sense in determining whether the face of a complaint . . . establishes the jurisdictional amount.'" Id. (quoting Pretka, 608 F.3d at 770). Nevertheless, the Court may not speculate or guess as to the amount in controversy. See Pretka, 608 F.3d at 752. "'A conclusory allegation . . . that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the [plaintiff's] burden.'" See Bradley, 224 F. App'x at 895 (alterations in original) (quoting Leonard v. Enter. Rent a Car, 279 F.3d 967,

972 (11th Cir. 2002)); see also Dibble v. Avrich, No. 14-CIV-61264, 2014 WL 5305468, at *4-6 (S.D. Fla. Oct. 15, 2014).[2]

Here, neither Plaintiff's Short Form Complaint (Dkt. No. 1; Complaint) nor the Second Amended Master Long Form Complaint and Demand for Jury Trial (Dkt. No. 5-4 at 342-409; Second Amended Master Complaint) include any allegation of the amount of damages Plaintiff seeks. See generally Complaint; Second Amended Master Complaint (simply stating that the "amount in controversy exceeds $75,000").[3] Additionally, while Plaintiff notes that Defendants admitted the jurisdiction allegation regarding the amount in controversy, parties cannot simply agree to the existence of subject matter jurisdiction. Plaintiff correctly notes that "when a plaintiff claims a sufficient sum in good faith," such a claim is sufficient to establish subject matter jurisdiction "absent facts demonstrating to a legal certainty that the claim is really for less than the jurisdictional amount." Response at 9. But what Plaintiff fails to appreciate is that she has not claimed any "sum in good faith." Instead, she presents only a claim for indeterminate, unspecified damages, and as discussed above, the legal certainty test does not apply to such a claim.

---

[2] The Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects.").

[3] Despite Plaintiff's reference to the Second Amended Master Complaint in the Response, in her Short Form Complaint, Plaintiff actually incorporates the First Amended Long Form Complaint and Demand for Jury Trial (Dkt. No. 5-4 at 133-200). Nevertheless, the Court assumes Plaintiff intends to rely on the allegations of the Second Amended Master Complaint as it is the operative pleadings.

Because Plaintiff presents no supporting facts whatsoever, the Court is left to speculate as to the extent of Plaintiff's injuries and her claimed damages. Notably, when the Court questions the amount in controversy, a party must then present evidence establishing that the amount in controversy requirement is met. See Dart Cherokee Basin Operating Co. v. Owens, 574 U.S. 81, 89 (2014) (citing 28 U.S.C. § 1446(c)(2)(B)); see also Federated Mut. Ins. Co., 329 F.3d at 807 (explaining that "where jurisdiction is based on a claim for indeterminate damages, . . . the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence" that its claim meets the jurisdictional minimum).

For these reasons, the Court's sua sponte inquiry into its subject matter jurisdiction is not satisfied. However, the Court will give Plaintiff a final opportunity to provide the necessary information for the Court to determine whether it has subject matter jurisdiction over this action. Plaintiff's Counsel is cautioned to carefully review the case law governing the sufficiency of pleadings for purposes of invoking the Court's diversity jurisdiction.

In light of the foregoing, it is

**ORDERED:**

1. Plaintiff shall have up to and including **March 22, 2024**, to provide the Court with sufficient information so that it can determine whether it has subject matter jurisdiction over this action.

2. This Court's Order to Show Cause (Dkt. No. 14) is **DISCHARGED**.

**DONE AND ORDERED** in Chambers, this 5th day of March, 2024.

MARCIA MORALES HOWARD
United States District Judge

Copies to:

Counsel of Record