# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

Vicky Hutto,

      Plaintiffs,

v.                                                   Case No. 5:23-cv-00669-MMH-PRL

Sanofi US Services Inc. et al.,

      Defendants.

_____

## PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

Ms. Hutto, by and through her undersigned counsel, responds to the Court's March 5 Order to Show Cause[1] as follows:

## BACKGROUND

1. Until recently, this product liability case was part of *In re: Taxotere (Docetaxel) Products Liability Litigation*. MDL No. 2740.

2. On November 8, 2023, the MDL court, sitting in the United States District Court for the Eastern District of Louisiana, transferred Ms. Hutto's case to her home district, the Middle District of Florida.[2]

3. During the MDL proceedings, the MDL Court ("MDL court") required that the Plaintiff Steering Committee ("PSC") file a Master Complaint to contain the allegations that were common to all plaintiffs, as well as

---

[1] Order to Show Cause, ECF Doc. 18.
[2] Am. Transfer Order re: Doc. 16347, ECF Doc. 6.

individual Short Form Complaints ("SFCs"), which supplemented the Master Complaint with plaintiffs' individualized allegations.[3]

4. In a subsequent order, the MDL court required, inter alia, that individual plaintiffs' Short Form Complaints incorporate the Master Complaint's allegations by reference.[4] The operative Master Complaint in this matter is the Second Amended Master Complaint.[5]

5. Ms. Hutto filed her SFC directly in the MDL court on March 19, 2019.[6] In accordance with the MDL court's local rules and the FRCP, her SFC included a civil cover sheet[7] and respective summons for Defendants.

6. Pursuant to the MDL court's orders, Ms. Hutto's SFC adopted the entirety of the Second Amended Mater Complaint's pleadings—including its jurisdiction and venue statements.[8]

7. On February 13, 2024, the Court *sua sponte* ordered Plaintiff to show cause why the Court has subject matter jurisdiction.[9]

---

[3] Pretrial Order No. 15, MDL R. Doc. 230.
[4] Pretrial Order No. 37, MDL R. Doc. 318.
[5] Second Am. Master Long Form Compl. & Demand for Jury Trial, MDL R. Doc. 4407.
[6] Short Form Compl., ECF Doc. 1.
[7] Civil Cover Sheet, ECF Doc. 1-1.
[8] Short Form Compl., ECF Doc. 1.
[9] Order to Show Cause, ECD Doc. 16.

8. On February 26, 2024, Plaintiff responded to the Court's Order to Show Cause noting that the Short Form Complaint adopts the Master Complaint's pleadings regarding the amount in controversy.[10]

9. On March 5, 2024, the Court again *sua sponte* ordered Plaintiff to show why the Court has subject matter jurisdiction, specifically regarding the amount in controversy, as the Court found the pleadings in both the Master Complaint, which Plaintiff was required to adopt by Court Order in MDL 2740, and SFC, as insufficient as those pleadings present only a claim for indeterminate, unspecified damages.

10. On March 7, 2024, Plaintiff Vicky Hutto and Defendants Sanofi US Services Inc and Sanofi-Aventis U.S. LLC (collectively "Parties") filed a Notice of Pending Settlement and Request to Stay Proceedings.[11]

11. On March 8, 2024, this Court granted Parties request to stay, but directed Plaintiff to provide sufficient information to the Court to confirm that the Court has subject matter jurisdiction.

## SUMMARY OF RESPONSE

Plaintiff respectfully and humbly submits, for the reasons set forth in detail below, that this Court has subject-matter jurisdiction under 28 U.S.C. § 1332, as the amount in controversy exceeds $75,000.

---

[10] Plaintiff's Response to Order to Show Cause, ECF Doc. 17.
[11] Notice of Pending Settlement and Request to Stay Proceedings, ECF Doc. 19.

# ARGUMENT

## A. The Amount in Controversy Exceeds $75,000 and the Court has Subject Matter Jurisdiction Under 28 U.S.C. § 1332(a).

As has long been known, Federal Courts are courts of limited jurisdiction. *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003). A Plaintiff need not only indicate diversity of citizenship or a federal question, but must also note that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Generally, the Court accepts that the amount in controversy has been satisfied when the plaintiff claims a sufficient sum in good faith, absent facts demonstrating to a legal certainty that the claim is really for less than the jurisdictional amount. *Federated Mut. Ins. Co.*, 329 F.3d 805, 807 (11th Cir. 2003). Furthermore, when stating grounds for jurisdiction, the statement need only be a "short and plaint statement on the grounds for the court's jurisdiction…" Fed. R. Civ. P. § 8(a)(a)(1).

As this Court notes, a court can dismiss for failure to satisfy the amount in controversy requirement "only if it is convinced 'to a legal certainty' that the claims of the plaintiff in question will not exceed $75,000 (the current jurisdictional threshold)." *See McIntosh v. Royal Caribbean Cruises, Ltd.*, 5 F.4th 1309, 1312 (11th Cir. 2021). This only falls away if plaintiff invokes diversity jurisdiction based on a claim for indeterminate, unspecified damages. *See McKinnon Motors*, 329 F.3d at 807; *see also McIntosh*, 5 F.4th at 1312;

*Fastcase, Inc. v. Lawriter, LLC*, 907 F.3d 1335, 1342 (11th Cir. 2018); *Doane v. Tele Circuit Network Corp.*, 852 F. App'x 404, 406 (11th Cir. 2021); *Bradley v. Kelly Servs., Inc.*, 224 F. App'x 893, 895 (11th Cir. 2007).

Here, Plaintiff's Short Form Complaint sets out the nature of Plaintiff injury as, "Disfigurement & permanent alopecia beginning sometime after treatments with Taxotere (Docetaxel) and continuing until present. Associated with said alopecia are the following: mental anguish, severe and debilitating emotional distress; present and future mental and physical suffering and discomfort." Short Form Complaint, ECF Doc. 1 at ¶ 12. Furthermore, Plaintiff's Short Form Complaint adopts the following from the Second Amended Master Complaint:

- As a direct and proximate result of Defendants' failure to warn of the potentially severe adverse effects of Taxotere, Docetaxel Injection, Docetaxel Injection Concentrate, and Docefrez, Plaintiffs suffered and continue to suffer serious and dangerous side effects, severe and personal injuries that are permanent and lasting in nature, and economic and non-economic damages, harms, and losses, including, but not limited to: past and future medical expenses; psychological counseling and therapy expenses; past and future loss of earnings; past and future loss and impairment of earning capacity; permanent disfigurement, including permanent alopecia; mental anguish; severe and debilitating emotional distress; increased risk of future harm; past, present, and future physical and mental pain, suffering, and discomfort; and

- past, present, and future loss and impairment of the quality and enjoyment of life.[12]
- Defendants' negligence was a proximate cause of Plaintiffs' injuries, harms, damages, and losses, in connection with the use of Taxotere, Docetaxel Injection, Docetaxel Injection Concentrate, and Docefrez, including but not limited to: past and future medical expenses; psychological counseling and therapy expenses; past and future loss of earnings; past and future loss and impairment of earning capacity; permanent disfigurement including permanent and irreversible alopecia; mental anguish; severe and debilitating emotional distress; increased risk of future harm; past, present, and future physical and mental pain, suffering, and discomfort; and past, present, and future loss and impairment of the quality and enjoyment of life.[13]
- As a result of the foregoing acts and omissions, Defendants caused Plaintiffs to suffer serious and dangerous side effects, severe and personal injuries that are permanent and lasting in nature, and economic and non-economic damages, harms, and losses, including, but not limited to: past and future medical expenses; psychological counselling and therapy expenses; past and future loss of earnings; past and future loss and impairment of earning capacity; permanent disfigurement, including permanent alopecia; mental anguish; severe and debilitating emotional distress; increased risk of future harm; past, present, and future physical and mental pain, suffering, and discomfort; and past, present, and future loss and impairment of the quality and enjoyment of life.[14]
- In reliance upon Defendants' representations, Plaintiffs and Plaintiffs' healthcare providers were induced to and did use and prescribe Taxotere, Docetaxel Injection,

---

[12] Second Am. Master Long Form Compl. & Demand for Jury Trial, MDL R. Doc. 4407, at ¶ 231.
[13] *Id.* at ¶ 247.
[14] *Id.* at ¶ 258.

Docetaxel Injection Concentrate, and Docefrez, which caused Plaintiffs to suffer serious and dangerous side effects, severe and personal injuries that are permanent and lasting in nature, and economic and non-economic damages, harms, and losses, including, but not limited to: past and future medical expenses; psychological counseling and therapy expenses; past and future loss of earnings; past and future loss and impairment of earning capacity; permanent disfigurement, including permanent alopecia; mental anguish; severe and debilitating emotional distress; increased risk of future harm; past, present, and future physical and mental pain, suffering, and discomfort; and past, present, and future loss and impairment of the quality and enjoyment of life.[15]

- As a result of the foregoing acts and omissions, Defendants caused Plaintiffs to suffer serious and dangerous side effects, severe and personal injuries that are permanent and lasting in nature, and economic and non-economic damages, harms, and losses, including, but not limited to: past and future medical expenses; psychological counseling and therapy expenses; past and future loss of earnings; past and future loss and impairment of earning capacity; permanent disfigurement, including permanent alopecia; mental anguish; severe and debilitating emotional distress; increased risk of future harm; past, present, and future physical and mental pain, suffering, and discomfort; and past, present, and future loss and impairment of the quality and enjoyment of life.[16]

- As a result of the foregoing acts and omissions, Defendants caused Plaintiffs to suffer serious and dangerous side effects, severe and personal injuries that are permanent and lasting in nature, and economic and non-economic damages, harms, and losses, including, but not limited to: past and future medical expenses;

---

[15] *Id.* at ¶ 266.
[16] *Id.* at ¶ 276.

>psychological counselling and therapy expenses; past and future loss of earnings; past and future loss and impairment of earning capacity; permanent disfigurement, including permanent alopecia; mental anguish; severe and debilitating emotional distress; increased risk of future harm; past, present, and future physical and mental pain, suffering, and discomfort; and past, present, and future loss and impairment of the quality and enjoyment of life.[17]

As such, Plaintiff's damages are centered around her medical treatment for alopecia, prosthetics purchased to conceal her alopecia, and the price that can be put on shame resulting from permanent alopecia as a woman.

Per Plaintiff's Short Form Complaint, Plaintiff's treatment with Taxotere was approximately from 9/13/2010 through January 2011. Short Form Complaint, ECF Doc. 1. at ¶ 10. As such, Plaintiff sought out the use of wigs and prosthetics to conceal her permanent chemotherapy induced alopecia ("PCIA"). Plaintiff will continue to use wigs and prosthetics in the future. Plaintiff states that the expenses incurred between January 2011 and present for wigs and other prosthetics is **$2,000 - $3,000**. Plaintiff states that she anticipates incurring future expenses for wigs and other prosthetics in the amount of **$6,000 - $12,000**.

In addition to the use of wigs and prosthetics to conceal her PCIA, Plaintiff has sought treatment from dermatologists and other qualified

---

[17] *Id.* at ¶ 311.

physicians to reverse her PCIA and return her appearance to what it was before her treatment with Taxotere. Plaintiff states that she anticipates incurring future medical expenses related to her treatment for PCIA in the amount of **$70,000 to $150,000**.

Finally, Plaintiff as noted via her adoptions of the Master Complaint has suffered daily shame, humiliation that has led to severe mental anguish; emotional distress; past, present, and future loss and impairment of the quality and enjoyment of life on a daily basis. Currently, no case specific expert testimony or reports have occurred regarding the fair value of Plaintiff's noneconomic damages.

### B. If The Court Finds That The Amount In Controversy Is Not Properly Plead, Plaintiff Should Be Afforded Leave To Amend Her Complaint.

If the Court finds that the amount in controversy has not been properly plead with the required specificity under 28 U.S.C. § 1332(a), Plaintiff should be afforded leave to amend her complaint. It has long been held under Fed. R. Civ. Pro. 15(a) that leave to amend "shall be freely given when justice so requires" and is a "mandate to be heeded." *Foman v. Davis*, 371. U.S. 178, 182 (1962). And the Eleventh Circuit has heeded this directive. Though the decision of whether to grant leave to amend is left to the sound discretion of the trial court, *Best Canvas Prods. & Supplies, Inc. v Ploof Truck Lines, Inc.*, 713 F.2d 618, 622 (11th Cir. 1983), the Eleventh Circuit has gone as far as to

say that the term "discretion" may be a misleading term because Rule 15(a) "'severely restricts the judge's freedom.'" *Espey v. Wainwright*, 734 F.2d 748, 750 (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981)). Indeed, the policy of liberally allowing amendments "circumscribes the exercise of the trial court's discretion" because it "facilitates determination of claims on the merits." *Id*. Only when there is a substantial reason, such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice, or futility, should the court deny leave to amend. *Foman*, 371 U.S. at 182; *see also Espey*, 734 F.2d at 750 (quoting *Dussuoy*, 660 F.2d at 598).

Here, leave to amend should be granted. Plaintiff was never afforded the opportunity to amend her complaint in the MDL to plead allegations regarding the amount in controversy in an alternative way from the Master Complaint. The MDL Court allowed Plaintiffs to amend their Short Form Complaint to further plead, "factual allegations regarding particularized facts individual and specific to each Plaintiff's medical care and treatment and/or that Plaintiff's communications with medical professionals." for statute of limitation purposes, but has never allowed Plaintiffs leave to amend the amount in controversy. MDL R. Doc. 10338 (PTO 105). Plaintiff, at the first opportunity to do so, would seek leave to further plead allegations regarding the amount in controversy.

Second, Plaintiff's request to amend her complaint is not made in bad faith or with a dilatory motive. Rather, Plaintiff simply would seek to amend her complaint to further clarify for the Court the amount in controversy to better clarify that the amount in controversy exceeds $75,000. Additionally, given that Plaintiff has not been afforded a prior opportunity to amend their individual complaints beyond the information set forth in the short form, or beyond the limited amendment allowed by PTO 105, there is no prejudice to allowing the instant amendment – there was never a case-specific scheduling order for deadlines in this matter. Nor is there any unfair prejudice to Sanofi, as they have already previously not disputed the amount in controversy exceeds $75,000. MDL R. Doc. 961 at ¶ 108.

Lastly, allowing amendment regarding the amount in controversy for Plaintiff's complaint would not be futile. Amendments pertaining to the amount in controversy would clarify key issues for the Court and the Parties regarding subject matter jurisdiction.

## CONCLUSION

For the foregoing reasons, this Court has jurisdiction based on the operative pleadings before the Court, accompanied by the relevant documents filed hereto. In the alternative, Plaintiff should be afforded leave to amend her complaint pursuant to FRCP 15.

Dated: March 22, 2024

       Respectfully submitted,

       **JOHNSON LAW GROUP**

       <u> */s/ Russell W. Lewis* </u>
       Russell W. Lewis, IV
       Pierce Jones (pro hac vice)
       2925 Richmond Ave. #1700
       Houston, TX 77098
       Telephone: (713) 626-9336
       Facsimile: (800) 731-6018
       Email: rlewis@johnsonlawgroup.com

       *Counsel for Vicky Hutto*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the date below I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

Dated:   3/22/2023

                                            /s/ *Russell W. Lewis IV*
                                            Russell W. Lewis IV